PER CURIAM.
 

 Defendants, Nathaniel Smith and Alvin Hayes, and one other were charged with the April 10, 1970 armed robbery (R.S. 14:64) of Peter J. Miranda in Baton Rouge. After a trial by jury, Smith and Hayes were convicted as charged. On September 23, 1970, Smith was sentenced to nine and one-half years and Hayes to nine years in the penitentiary without benefit of parole, probation or suspension of sentence. Only defendant Smith appeals his conviction and sentence. Five bills of exceptions were perfected.
 

 Bill of Exceptions No. 1 was reserved to the trial judge’s overruling a motion for a mistrial because the State was allegedly using its peremptory challenges on the basis of the prospective jurors’ race.
 

 There is no merit to this bill. Both the State and the defendant are each entitled to twelve peremptory challenges. C.Cr.P. art. 799. The court has no power by law to control the State’s use of its peremptory challenges. The record in this case does not support the defendant’s contention that the sole reason that the various jurors were peremptorily challenged was because of their racé. We cannot say that the district attorney used his peremptory challenges for an improper purpose. The trial judge did not abuse his discretion. State v. Richey, 258 La. 1094, 249 So.2d 143; State v. Lee, 261 La. 310, 259 So.2d 334. See also C.Cr.P. art. 799.
 

 Bills of Exceptions; Nos. 2 and 3 were reserved to the admission into evidence of the taped statements of Smith
 
 *80
 
 and Hayes, and the waiver of constitutional rights forms signed by them. An examination of the record discloses that the State laid a proper foundation for the admission of these items. C.Cr.P. art. 773. The tapes start off with a statement by the interrogating police officer that the defendants were advised of their constitutional rights and that they had signed waiver of rights forms to that effect. The statements given were clear and unequivocal confessions of participation in the armed robbery; they were voluntary. There is no merit to these bills. State v. Brumfield, 254 La. 999, 229 So.2d 76; State v. Alexander, 255 La. 941, 233 So. 891, rev’d on other grounds, Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed. 2d 536; R.S. 15:451.
 

 Bill of Exceptions No. 4 was reserved to the court’s denial of the defendant’s motion for a directed verdict of acquittal. This court has declared Article 778 of the Code of Criminal Procedure which allows directed verdicts unconstitutional insofar as trials by jury. State v. Hudson, 253 La. 992, 221 So.2d 484.
 

 Bill of Exceptions No. 5 was reserved to the court’s denial of the defendant’s motion for a new trial, which was based on the grounds alleged in Bill of Exceptions No. 1. For the reasoris discussed in relation to Bill of Exceptions No. 1, there is not merit to Bill of Exception No. 5.
 

 On this appeal, in brief, the defendant for the first time contends that evidence introduced against him was the product of an unlawful arrest or of an unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution.
 
 [1]
 
 No motion ' to suppress such evidence on such ground was ever filed prior to or even during trial, La.C.Cr.P. art. 703. No objection was made to the introduction of evidence at the time it was introduced. La.C.Cr.P. art. 841. The objections are therefore deemed waived. Further, there was, of course, no bill of exception reserved, in the absence of which on appeal this court cannot consider these contentions of the defendants. La.C.Cr.P. arts. 844, 920.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . Counsel does not specify what evidence he objects to. A revolver stolen in the robbery, and some cartridges found with it, were introduced into evidence upon testimony that a third participant (Morris), charged but not tried with the defendants Smith and Hayes, had voluntarily turned it' over to police officers after they had first unsuccessfully searched his premises pursuant to a search warrant. Tr. 399-402. When these exhibits were formally introduced along with the statement, tapes and waiver forms, defendants objected only to introduction of the tapes and waivers. Tr. 406-07. As previously noted, the taped statements and waivers were taken only after the defendants were fully informed of their constitutional rights and are shown to have been freely and voluntarily made.