285 So.2d 197 (1973)
STATE of Louisiana
v.
James McALLISTER, Jr.
No. 53324.
Supreme Court of Louisiana.
October 29, 1973.
Woodson T. Callihan, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
James McAllister, Jr. was tried by a jury and found guilty of aggravated rape. R.S. 14:42. The petitioner was sentenced to life imprisonment. He perfected five bills of exceptions, but on appeal only three, bills 2, 3 and 4 are briefed. The others may be considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 2
Defendant alleges a systematic exclusion of blacks from petit jury service by use of peremptory challenges. Six blacks were peremptorily challenged by the State. Mr. Range, a black man, was accepted by both the State and the defense and actually sat in judgment of the case. At the conclusion of the selection process the State had five peremptory challenges remaining. The record does not support the conclusion that Negroes were systematically excluded. State v. Smith, 263 La. 75, 267 So.2d 200 (1972). In any event, this alleged practice by the State does not constitute *198 a denial of equal protection, and the motive for the exercise of peremptory challenges is not subject to judicial review. State v. Rossi, La., 273 So.2d 265 (1973); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). The trial judge was correct in overruling defendant's motion for a mistrial.
Bill of Exceptions No. 3
During the trial the defense called as a witness one Vic Adams, a friend of Mc-Allister, who observed the defendant and the prosecuting witness together just after the alleged rape occurred. On redirect examination he was asked, "Mr. Adams, would you tell us what your impression was when you learned that James had been charged with a crime?" At this point the trial judge sustained an objection by the State.
R.S. 15:463 states the scope of and admissibility of opinion evidence:
"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have." (Emphasis added).
The defense counsel was attempting to elicit a response of surprise from the witness. As such the relevancy of the question was at issue, a matter for the discretion of the trial judge. State v. Pierre, 261 La. 42, 259 So.2d 6 (1972); R.S. 15:435, 15:441. The ruling of the lower court was not prejudicial since the defense counsel circumvented the court's ruling. Article 921 C.Cr.P. The witness testified as to the dress of the defendant, and when asked about the presence of a weapon responded that he "didn't notice anything, not anything unusual." The testimony was properly excluded by the trial judge.
Bill of Exceptions No. 4
This bill was reserved when the court allowed the State to introduce certain previously marked items into evidence as rebuttal evidence after the State had rested its case. Article 765(5) of the Code of Criminal Procedure deals with the normal order of trial:
"The presentation of the evidence of the state, and of the defendant, and of the state in rebuttal. The court in its discretion may permit the introduction of additional evidence prior to argument." (Emphasis added).
The defendant's claim that he should have been offered a chance to reopen his case lacks merit since this point was not raised at the trial nor was any prejudice shown. The petitioner relies upon State v. King, 176 La. 812, 147 So. 1 (1933), but this case is inapposite. In King the State had deliberately withheld crucial testimony until rebuttal. In the instant case the defendant had already been afforded an opportunity to cross-examine witnesses who had identified each item and explained their relationship to the crime. The articles had been identified by the victim in full view of the jury, and the chain of custody was not in question. The trial judge did not abuse his discretion in admitting the evidence since the State did not obtain any unfair advantage.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs with reasons.
BARHAM, Justice (concurring).
I concur in the disposition of Bill of Exception No. 2. The defendant has failed to factually establish a systematic pattern of the use of peremptory challenges in order to empanel a jury which discriminates against him.
See my dissents in State v. Gray, No. 53,590, on our docket this day, 285 So.2d 199, and State v. Wilford Jack, on our docket this day, 285 So.2d 204.