296 So.2d 262 (1974)
STATE of Louisiana
v.
James R. VEAL, Jr.
No. 54358.
Supreme Court of Louisiana.
June 10, 1974.
*263 Joe E. Thompson, Sumpter B. Davis, III, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., M. Stephen Roberts, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
James R. Veal, Jr., was convicted on February 10, 1972, of the murder of a Baton Rouge cab driver. On September 25, 1972, he was sentenced to death in the electric chair. Following constitutional mandates, the trial court later set aside the death sentence and resentenced the defendant to life imprisonment. The defendant appeals his conviction and sentence.

BILLS OF EXCEPTIONS NOS. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13
Defendant reserved these twelve bills of exceptions to the rulings of the court sustaining a challenge for cause of those prospective jurors who testified that they could not, under any circumstances, impose the death penalty. Defense counsel concedes that the challenges complied with the disqualification test laid down in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). He argues, however, that because the death penalty has now been declared unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), it was improper for the trial court to exclude jurors under these circumstances.
We find no merit in this argument. At the time of the trial, a capital verdict was one of the responsive verdicts to be considered by the jury. Hence, application of the Witherspoon test was entirely proper. The later decision in Furman v. Georgia, supra, declaring the administration of the death penalty unconstitutional, had no effect on these procedures. In any event, defendant has suffered no prejudice, since defendant's sentence has been reduced to life imprisonment. See LSA-C.Cr. P. Art. 921.
We conclude that these bills of exceptions are without merit.

BILL OF EXCEPTIONS NO. 14
Bill of Exceptions No. 14 was reserved to the trial judge's denial of defense motions for continuance and for a mistrial. The basis for these motions was counsel's request, made on the morning of trial, to withdraw as appointed counsel because of his poor relationship with the defendant, who was allegedly uncooperative. Counsel argues that these circumstances constitute a violation of defendant's rights to a fair trial and to due process safeguarded by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 9, of the Louisiana State Constitution.
The trial judge properly denied the defense motions. Article 712 of the Louisiana Code of Criminal Procedure provides:
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
We have held that the denial of a motion for continuance made on the day of trial on the ground that defendant was not satisfied with court-appointed counsel, absent a showing of incompetence and absent the retention of private counsel, was not an abuse of the trial judge's discretion. See State v. Austin, 258 La. 273, 246 So.2d 12 (1971); State v. Lewis, 255 La. 623, 232 So. 2d 294 (1970). We find nothing in the record before us to convince us that the trial judge abused his discretion. Hence, Bill of Exceptions No. 14 has no merit.

*264 BILL OF EXCEPTIONS NO. 15
This bill was reserved when the trial judge admitted into evidence the testimony of two officers as to "how the case broke." Defense counsel objected to the testimony stating it was not connected to the commission of the offense or intent and, thus, was irrelevant and immaterial.
The State argued, and the trial judge found, that the testimony of the officers was relevant as a foundation for the subsequent introduction into evidence of the testimony of one of the State's principal witnesses.
We have often held that the trial court has wide discretion in determining the relevance of evidence. LSA-R.S. 15:442; State v. Martinez, 220 La. 899, 57 So. 2d 888 (1952); State v. Walker, 204 La. 523, 15 So.2d 874 (1943); State v. Bouvy, 124 La. 1054, 50 So. 849 (1909). We have also often held that neither this Court nor the trial court will control the order in which evidence is introduced.
The State adequately demonstrated the relevancy and materiality of the evidence. We find no abuse of the trial judge's discretion in admitting the testimony.
Bill of Exceptions No. 15 has no merit.

BILL OF EXCEPTIONS NO. 16
This bill was reserved to the trial court's denial of defendant's motion in arrest of judgment and motion for new trial. Defendant's motions were based on the State's alleged systematic exclusion of all members of the black race from the jury by peremptory challenges.
Within the framework of the Louisiana Code of Criminal Procedure, the State or the defendant can exercise peremptory challenges without assigning cause. See LSA-C.Cr.P. Art. 799. It is well established that the motive for the exercise of these challenges is not subject to judicial review. See State v. Rossi, La., 273 So.2d 265 (1973); State v. Smith, 263 La. 75, 267 So.2d 200 (1972). Moreover, the record contains no evidence estabishing a system of customary exclusion from jury service because of race. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed. 2d 759 (1965).
Bill of Exceptions 16 is without merit.

BILL OF EXCEPTIONS NO. 17
Bill of Exceptions No. 17 was reserved to the trial court's denial of defendant's second motion for new trial. This second motion rested upon three grounds. The first, that it is unconstitutional to exclude for cause those prospective jurors who would not impose the death penalty, has been considered in previous bills of exceptions.
Defendant's second ground for a new trial is the alleged unconstitutional exclusion of women from the jury venire under state procedures.
Article 7, Section 41 of the Louisiana Constitution, as well as Article 402 of the Louisiana Code of Criminal Procedure, provides that a woman shall be selected for jury service only if she has filed with the Clerk of Court a written declaration evidencing her desire to serve.
These provisions have been subject to persistent constitutional attack in recent years. Following Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the last authoritative expression of the United States Supreme Court on a similar procedure, we have consistently upheld the validity of these provisions. See, e. g., State v. Stevenson, La., 292 So.2d 488 (1974); State v. Gray, La., 291 So.2d 390 (1974); State v. Taylor, La., 282 So.2d 491 (1973); State v. Roberts, La., 278 So.2d 56 (1973); State v. Rollins, La., 271 So.2d 519 (1973).
The constitutional question is now pending before the United States Supreme Court, but we adhere to Hoyt v. Florida, supra, until the Court has again spoken on *265 the subject. See State v. Womack, La., 283 So.2d 708 (1973).
Defendant's third allegation in his motion for new trial was that he had newly discovered evidence of external influence on the jury by officials in charge of them. Defendant alleges that one juror confided to defense counsel that a bailiff made various racial remarks in the presence of the jury, which were, in his opinion, highly prejudicial. The trial court refused to grant a continuance so that defendant could produce the juror. Defendant does not complain of the judge's refusal to grant the continuance.
Defendant does complain, however, of the denial of the motion for new trial.
The motion alleges only:
"Since the rendition of this verdict by the jury, facts have come to the attention of the Court-appointed attorneys herein that indicate possible jury influence by those officials in charge of the jury."
The State points out that the motion is insufficient, because it does not comply with Article 855 of the Louisiana Code of Criminal Procedure.
That Article provides:
"A motion for a new trial based on ground (4) of Article 851[1] shall contain allegations of fact sworn to by the defendant or his counsel, showing:
"(1) The specific nature of the error or defect complained of; and
"(2) That, notwithstanding the exercise of reasonable diligence by the defense, the error or defect was not discovered before or during the trial."
The State's position is well-founded. The general allegation of influence, with no supporting facts, and no attestation of reasonable diligence does not meet the requirements of the Code Article.
We conclude, therefore, that the trial judge properly denied the motion for a new trial.
Defendant's final argument is that the trial court erred in denying his motion in arrest of judgment and motion for a new trial based on remarks made by the assistant district attorney in his closing statement and argument in rebuttal to the defense's closing argument. Defendant argues that the remarks were racial in nature, designed to appeal to the racial prejudices of the jury. The defendant further argues that the trial judge's admonition to the jury to disregard the remark objected to was insufficient to cure the alleged error. Defendant reserved and perfected no bill of exceptions at the time the remarks were allegedly made. He relies upon his motion in arrest of judgment and motion for a new trial.
Under Article 841 of the Louisiana Code of Criminal Procedure, this Court cannot consider defendant's objection to the State's argument after verdict in the absence of a perfected bill of exceptions. See State v. Morris, 261 La. 1069, 262 So. 2d 324 (1972); State v. Hoover, 257 La. 877, 244 So.2d 818 (1971).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON and CALOGERO, JJ., concur.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
In closing argument, the district attorney repeatedly referred to race:
"Veal, the criminal mind that he has, figured out that you all were prejudiced, *266 which I know you're not. But he figured out you're all prejudiced because you're all white. * * * The typical criminal mind since he things [sic, thinks]since he has a criminal mind and he thinks all of you are all dishonest, too. That you all would choose to believe a white man before you'd believea white man before you'd believe a black man."
At this point defense counsel objected to the color reference. The objection was sustained, and the court admonished, "The District Attorney will refrain from referring to race. You gentlemen must disregard the remarks of the D.A."
C.Cr.P. Art. 770 provides that upon motion of a defendant a mistrial shall be ordered when the district attorney in argument refers directly or indirectly to race or color. That article closes with this paragraph:
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
While I am cognizant of C.Cr.P. Art. 770's requirement of a defense motion as a condition precedent to the mandatory grant of a mistrial, I feel compelled to take issue with the statement set forth in Comment (b) of the Official Revision Comment to C.Cr.P. Art. 770. That comment reads: "A failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant." (Emphasis supplied).
I can see no reason why a motion for mistrial is necessary to preserve a defendant's right to have the court consider his claim regarding this prejudicial error when such claim is squarely presented upon a motion for new trial, as was the case here. Nor do I believe that a mistrial motion is required before this Court, on appeal, can consider whether the trial court's denial of a motion for new trial (wherein the prejudicial error was urged as a basis for a new trial) was error.
It is true that a mistrial probably should be granted under the provisions of C.Cr. P. Art. 770 only when there is a motion from a defendant. For example, were a trial judge to order a mistrial without a defense motion when a reference to race or some other prohibited category is made, and the defendant later established that such mistrial was an illegal mistrial because the racial comment was not immaterial, irrelevant, or potentially prejudicial, the State would be precluded by double jeopardy considerations from re-trying the defendant. See Official Revision Comment (e)(2) to Art. 775. However, the fact that defendant's right to an order of mistrial depends upon a motion in his behalf does not automatically dictate that failure to move for a mistrial waives the error committed when the offending references to race were made.
A reading of C.Cr.P. Art. 770 clearly evidences that nothing can cure the error of an irrelevant, immaterial, and prejudicial racial comment unless the defendant specifically requests a mere admonition of the jury. In other words, the defendant must decide affirmatively that he wishes to place his guilt or innocence before the jury in spite of the existence of incurable error due to reference to color or race. Unless affirmative action is taken by the defendant in this regard, the whole trial is tainted, and, in that case, there is no reason why the defendant's failure to move for a mistrial should foreclose his right to obtain a new trial on the basis of the incurable taint.
I am of the opinion that the district attorney's statement in argument is a clearly prejudicial reference to race, and that a defendant should not have to move for mistrial under these circumstances in order to preserve his right to later urge the error.
*267 It is my opinion that the bill of exceptions reserved to the trial court's denial of defendant's motion for new trial urging that there had been irreparable, prejudicial error committed during the trial sufficiently presents the matter for our review.
It is true, as the majority points out, that under C.Cr.P. Art. 841 the Court cannot consider an error urged for which there has not been a properly reserved and perfected bill of exceptions. Here, however, defendant did reserve a bill of exceptions to the trial court's denial of his motion for a new trial, wherein this error was argued, and I believe this bill is properly before us for review. The trial court erred in failing to order the new trial when it considered the new trial motion. We review this erroneous ruling and must order the new trial under the reversible error of state reference to race and color.
In State v. Smith, 196 La. 652, 199 So. 791 (1940), (before the legislature set forth the defects which are incurable by admonition as is now done in C.Cr.P. Art. 770), we held that a motion for new trial based upon simple objection to a prejudicial remark without reservation of a bill properly preserved the error for eview by this Court. In that case, having found that the instructions given to the jury could not remove the prejudice implanted in the minds of the jury, it was stated:
"Objection was made to the statements of the district attorney at the time they [the remarks] were made and the court endeavored to remove the prejudicial effect implanted in the minds of the jury by the remarks by its aforementioned instructions, but in our opinion the instructions were not sufficient to remove the prejudicial effect. Counsel for the defendant urged the trial court to grant a new trial in his motion for such, because of the injury the accused sustained by the remarks. The error complained of is of such a serious nature it would warrant this court to set aside the ruling of the trial court denying the motion for a new trial." (Emphasis supplied.)
The court remanded the case for a new trial.
Certainly when our legislature has enumerated for this Court those prejudicial errors which cannot be cured by court instructions and has mandated a mistrial, the trial court is required to consider that error in a motion for new trial. As we said in State v. Smith, it is our obligation to review the trial court's ruling when it denies that motion.
I respectfully dissent.
NOTES
[1] Article 851(4) reads as follows: "The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or"