301 So.2d 612 (1974)
STATE of Louisiana
v.
Joe Alvin CARTER and Grover Bindom.
No. 54859.
Supreme Court of Louisiana.
October 11, 1974.
*613 Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Atty., Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for appellee.
SANDERS, Chief Justice.
Defendants, after a trial by jury, were convicted of the crime of simple burglary. Each defendant was sentenced to three years at hard labor. Defendants perfected three Bills of Exceptions, upon which they rely for reversal of their convictions and sentences.

BILL OF EXCEPTIONS NO. 1
Defendants reserved Bill of Exceptions No. 1 after the State exercised its peremptory challenges, with the effect that prospective black jurors were excused from jury service. Consistent with the rationale of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), this Court has repeatedly refused to inquire into the reasons for exercising a peremptory challenge. State v. Melton, La., 296 So.2d 280 (1974); State v. Veal, La., 296 So.2d 262 (1974); State v. Rossi, La., 273 So.2d 265 (1973); State v. Smith, 263 La. 75, 267 So.2d 200 (1972); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969). Defendants cite two cases, Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972); and Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972), asserting that they show a change of position by the United States Supreme Court. We find these cases distinguishable from Swain v. Alabama, supra. Neither decision dealt with the use of peremptory challenges. We conclude that the bill of exceptions lacks merit.

BILL OF EXCEPTIONS NO. 2
Defendants reserved this Bill after the overruling of their objection to a police officer's testimony relating to his ability to recognize the defendants. Defendants assert that this testimony contained the implication that they were known criminals and referred to other crimes in violation of the holding in State v. Prieur, La., 277 So.2d 126 (1973).
In his testimony the officer did not mention past criminal activities; indeed, the trial court, out of the jury's presence, warned the witness to make no reference to other criminal conduct. The testimony was necessary in this case to establish that the officer's identification of defendants was reliable, since he had observed defendants through binoculars from a distance of approximately 100 yards during the early morning.
This bill is without merit.

BILL OF EXCEPTIONS NO. 4
Defendants reserved this Bill to the court's charge under LSA-R.S. 15:432, that the person in the unexplained possession of property recently stolen is the thief. Defendants base their objection to this charge on two grounds: 1) the charge was inappropriate to the facts of the case, and 2) the presumption is unconstitutional.
We find sufficient evidence in the record to show that the charge was appropriate to the facts of the case. The record reveals that police officers identified the defendants from a distance as they were loading a heavy object into the station wagon belonging to one of the defendants. When the station wagon was stopped, minutes later, the object was not in the car. However, later in the day on a possible route taken by the vehicle the safe was found abandoned in a ditch. Paint samples taken from the vehicle and the safe revealed gray paint on the vehicle similar in composition to that of the safe; blue paint *614 smudges on the safe were similar to that of the interior of the car. This evidence, we think, provides a sufficient basis from which the jury could infer possession of the safe by defendants. State v. Reed, 206 La. 143, 19 So.2d 28 (1944), State v. Matthews, 111 La. 962, 36 So. 48 (1903.)
Additionally, defendants allege that LSA-R.S. 15:432 is unconstitutional in that it shifts the burden of proof to the defendant to explain his actions and prove his innocence. In support of their position, defendants cite Commonwealth v. Turner, Pa., 317 A.2d 298 (1974) in which the Pennsylvania Supreme Court declared the presumption to be unconstitutional, because it found there was no rational connection between the recent possession of stolen property and the identity of the thief. This Court has previously rejected the identical contention in State v. Womack, La., 283 So.2d 708 (1973) and State v. McQueen, La., 278 So.2d 114 (1973).
In State v. McQueen, supra, we stated:
"The statutory presumption upon which the jury charges was based in the instant case is rational, and, thus, constitutional. `More likely than not' a person in the unexplained possession of recently stolen property is the thief. The presumption does not impinge upon defendant's presumption of innocence or defendant's right against self-incrimination."
We adhere to this holding. Hence, the bill of exceptions is without merit.
We note ex proprio motu an error patent on the face of the record which requires us to vacate defendants' sentences. A motion for new trial was timely filed by defendants. The record is unclear as to whether the court ruled upon the motion the same day that defendants were sentenced or if the motion was ruled upon at all. In any event, the defense later withdrew the motion. Hence, the sentences are invalid under the Louisiana Code of Criminal Procedure.
For the reasons assigned, the convictions are affirmed; the sentences are vacated, and the case is remanded to the district court for re-sentencing according to law.
BARHAM, J., dissents with written reasons.
BARHAM, Justice (dissenting).
Under Bill of Exceptions No. 1 defense counsel requested a stipulation from the State that seven peremptory challenges had been exercised by the State and that they were exercised only to challenge members of the Black race. The State agreed to the stipulation.
I am of the opinion that the peremptory challenge was used effectively by the prosecution to deny the defendants due process and equal protection rights under the Fourteenth Amendment to the United States Constitution. See dissent in State v. Jack, 285 So.2d 204 (La.1973).
I respectfully dissent.