DIXON, Justice.
Defendants were charged with armed robbery, a violation of R.S. 14:64, and tried on July 10, 1974. Roger Jones was found guilty of simple robbery and sentenced to five years at hard labor; Frank Preston and Mason Pickett were found guilty as charged and each was sentenced to thirty years at hard labor. From this conviction defendants appeal, perfecting one bill of exceptions (two are briefed to this court).
On the morning of December 10, 1973 two men entered Fisher’s Furniture Company, Inc. in New Orleans. When they entered, one of the men was armed with a knife. After entering, the other seized a .22 caliber rifle which was hidden in a corner of the building and owned by one of the victims, Alvin Fisher. The robbers ordered Fisher to open his safe and give them the money inside. One of them took money hidden in a desk. At a ■ pre-trial line-up and at trial, Fisher and Mrs. Alma Diaz, the other victim, identified Pickett and Preston as the two who entered the store and Jones as the person who drove the getaway car. They further testified that Jones had been fired from his job at the furniture store “about a month” prior to the robbery.
Acting on Alvin Fisher’s photographic identification of Frank Preston, officers Dupas and Roth of the New Orleans Police Department endeavored to locate Preston’s residence. During this effort, they noticed Jones, whom they recognized as being a former employee of Fisher’s Furniture Company, and Pickett coming out of a fish market. Though neither of the policemen knew Pickett, each testified he fit the general description furnished by the victims.
The officers approached Jones and Pickett asking them, “what they were doing in a fish market?” Jones responded that they were going fishing and were shopping for shrimp; he pointed to a car parked on the street nearby from which fishing poles were protruding. Officer Roth walked over to the car, looked in, saw the fishing poles, and saw the butt of either a rifle or a shotgun partially covered by a jacket on the back seat. When he said to Officer Dupas, “look at this,” Jones interjected, “we might do some hunting too.” The policemen knew a rifle had been taken and used during the robbery. Dupas, who had checked Jones’ record, realized Jones was a convicted felon and mentioned to Roth that he (Jones) should not be in possession of a firearm. Dupas naturally reached into the back seat to remove the jacket and discovered a .410 shotgun and a .22 caliber rifle equipped with a white scope. Dupas telephoned Alvin Fisher to learn whether the .22 calber rifle taken during the robbery *254 had been equipped with such a scope. Fisher informed him that it had.
The officers then placed Jones and Pickett under arrest. While the suspects were being handcuffed, Frank Preston arrived at the scene and was arrested.
In the only bill of exceptions appearing in the record before us, defendants contend that the trial court erred in allowing the State to cross-examine Pickett as to his prior relationship with Jones. The questions and objection are as follows:
“Q. How long have you known Rogers Jones?
“A. All my life.
“Q. What type of relationship have you had, if any, with Rogers Jones?
“BY MR. KENNER:
“That’s irrelevant to the issue.
“BY THE COURT:
“I can’t agree, and I overrule the objection.
“BY MR. KENNER:
“I’ll reserve a bill of exceptions, making a part thereof, the District Attorney’s question, and the Court’s ruling, as to Jones.
“EXAMINATION BY MR. SIMNO :
“Q. What type of relationship have you had over these years ?
“A. Friends.
“Q. Were you working together?
“A. Yes.
“Q. On this particular day?
“A. Yes.”
Relevance is defined by R.S. 15:441:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
“Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.”
The determination of relevancy is a matter for the discretion of the trial judge. State v. Ackal, 290 So.2d 882 (La.1974); State v. McAllister, 285 So.2d 197 (La.1973); State v. Pierre, 261 La. 42, 259 So.2d 6 (1972).
The victims testified that they kept a .22 caliber rifle hidden in their office. They testified that though the rifle was completely hidden behind a box, the robbers went directly to it without hesitation.
The victims testified that they kept extra cash in the bottom drawer of a six drawer desk and, though they made no indication that there was money in this drawer, the robbers went directly to it without opening the other drawers.
The victims testified that Jones was an ex-employee of the furniture store and that he was the driver of the getaway car.
Hence the relationship between Pickett and Jones was relevant. Because Jones was a former employee of the furniture store and was identified as having participated in the crime, the jury could infer from the previous relationship that Jones could have informed Pickett and Preston of the location of the rifle and extra cash.
There is no merit in Bill of Exceptions No. 1.
In brief to this court, defendants contend that the rifle introduced at trial and identi *255 fied as that taken during the robbery was the product of an unlawful search and seizure.
However, it appears that no formal bill of exceptions was perfected. At the time of trial,[1] C.Cr.P. 841 and 844 provided:
“An irregularity or error in the proceedings cannot be availed of after verdict unless it objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as-a waiver of the objection and as an acquiescence in the irregularity or ruling.” C.Cr.P. 841.
“A. The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge.” C.Cr.P. 844.
According to the settled jurisprudence interpreting these articles, evidence is properly before this court on review only if contained in a bill of exceptions based upon a contemporaneous objection. State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970); State v. Watson, 247 La. 102, 170 So.2d 107 (1964).
We have nonetheless considered defendants’ contentions and find them without merit.
The convictions and sentences are affirmed.

. Articles 841 and 844 were amended by Act 207 of 1974, effective July 31,1974.