NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-357

STATE OF LOUISIANA

VERSUS

SIMON LEWIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 118,832
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney**
**Patrick D. Magee**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**Counsel for:**
          **State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana  71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
          **Simon Lewis**

**Simon Lewis**
**In Proper Person**
**Louisiana State Prison**
**Main Prison Walnut-3**
**Angola, Louisiana  70712**
**Defendant/Appellant**

**KEATY, Judge.**

Defendant appeals his second degree murder conviction, arguing that the trial court erred in allowing the State to introduce his recorded statement and in denying his motion for new trial. For the following reasons, Defendant's conviction is affirmed.

## FACTS AND PROCEDURAL HISTORY

On December 30, 2007, Defendant, Simon Lewis, shot and killed Bernard Shelvin. On February 7, 2008, Defendant was charged by a grand jury with first degree murder, a violation of La.R.S. 14:30. Upon the State's motion, the indictment was amended to second degree murder, a violation of La.R.S. 14:30.1, on May 6, 2008. Defendant was convicted by a jury on August 26, 2010. On October 21, 2010, the trial court imposed the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Defendant is now before this court on appeal, asserting that the trial court erred in allowing the use of his statement at trial and denying his motion for a new trial.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

Defendant was originally indicted by a grand jury with the offense of first degree murder, in violation of La.R.S. 14:30. The State amended the bill to charge Defendant with second degree murder, listing the correct statutory citation, La.R.S. 14:30.1. The State later filed a Motion to Amend an Amended Indictment in

which it listed an incorrect statutory citation, La.R.S. "14:30.1. (2)(a)." The correct statutory provision is La.R.S. 14:30.1(A)(2)(a).

Louisiana Code of Criminal Procedure Article 464 states:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

A review of the face of the record shows no indication that this citation error misled Defendant to his prejudice, and neither the minutes nor the pleadings indicate that Defendant alleged any prejudice prior to trial. Accordingly, this error is harmless. *See State v. Poche*, 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225 and *State v. Roberts*, 06-765 (La.App. 3 Cir. 1/17/07), 947 So.2d 208, *writ denied*, 07-362 (La. 10/5/07), 964 So.2d 938.

### ASSIGNMENT OF ERROR NO. 1 and
### SUPPLEMENTAL ASSIGNMENT OF ERROR NUMBER ONE (*Pro Se*)

By these assignments of error, Defendant argues that the trial court erred in overruling his objection to the State's use of his recorded statement given to police on January 16, 2008. Defendant maintains that the investigating officer, per departmental protocol, did not record the first two hours of his interview wherein he made exculpatory statements. Defendant maintains he was entitled to full disclosure of exculpatory evidence pursuant to La.R.S. 15:450, which provides, "[e]very confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."

This issue was addressed by the supreme court in *State v. Thibodeaux*, 98-1673 (La. 9/8/99), 750 So.2d 916, *cert. denied*, 529 U.S. 1112, 120 S.Ct. 1969

(2000). In *Thibodeaux*, the defendant maintained that his due process rights were violated because the officer talked to him while the tape recorder was turned off. The court held:

> [T]here is no due process requirement that a statement given to the police must be recorded. Nor is there any support in the record for the Defendant's claim that a portion of his statement was unrecorded somehow violated his due process rights or coerced him into giving a confession. The law does not require the production of non-existent portions of the confession or portions which cannot be recalled. *State v. Marmillion*, 339 So.2d 788, 793 (La.1976). In the absence of proof to the contrary, the fact that the purported statement of the accused as testified to by the investigating officer does not consist of a verbatim reiteration of the conversation between them due to the witness's inability to recall or other valid explanation does not violate the rights of the accused. *State v. Lefevre*, 419 So.2d 862, 867 (La. 1982).

*Id.* at 923-24.

In the instant case, Detective Craig Mouton, the investigating officer, testified that the interview in question was conducted using the Lafayette Police Department's protocol for interrogating a suspect. Defendant was placed in a structured interview room and was advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), with an "advice of rights" form. Detective Mouton then conducted a "pre-interview" to determine what Defendant was going to say. Detective Mouton maintained that Defendant gave his statement freely and voluntarily and was not threatened. The entire interview lasted two and a half hours from start to finish.

On cross-examination, Detective Mouton confirmed that Defendant signed the "advice of rights" form at 10:22 a.m., and his recorded statement began at 12:24 p.m., lasting about twenty-five minutes. According to Detective Mouton, once he and Defendant went through all the facts of the case, he began Defendant's recorded statement which contained the information relevant to the case. Defendant had the opportunity to say whatever he wanted to say in his recorded

statement. Detective Mouton denied offering any deals or making any promises before commencing the recorded statement. He also denied forcing, coercing, or tricking the Defendant into saying something.

In light of the ruling in *Thibodeaux*, Detective Mouton was not required to record the entirety of his interview with Defendant. Further, Detective Mouton testified at trial about the conversation with Defendant that occurred prior to the time the recorded statement was conducted. The unrecorded portion of the Defendant's interview is not included within the State's requirement to fully disclose exculpatory evidence as required by La.R.S. 15:450. Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2 and
## SUPPLEMENTAL ERROR FOR CONSIDERATION (*Pro Se*)

By this assignment of error, Defendant argues that the trial court erred in denying his motion for a new trial. Defendant asserts that after sentencing, he learned that a juror, who had not been sequestered during the trial, went to the crime scene at night and reported his findings to the jury the following day.

The record reflects that Defendant filed a motion for new trial on November 12, 2010. The motion was denied without a hearing on November 17, 2010. In its handwritten reasons for denying the motion, the trial court stated that the motion did not comply with La.Code Crim.P. arts. 853 and 855.

Louisiana Code of Criminal Procedure Article 853 provides, in pertinent part, that a motion for a new trial must be filed and disposed of prior to sentencing unless the motion is based on ground three of Article 851, which mandates granting the motion for new trial when there is discovery of new and material evidence that would have probably changed the verdict or judgment of guilty. In

4

that event, the motion must be filed within one year following the verdict or judgment.

The requirements of a motion for new trial based on the discovery of a prejudicial error or defect in the proceedings after the verdict or judgment are set forth in La.Code Crim.P. art. 855 which reads:

> A motion for a new trial based on ground (4) of Article 851 shall contain allegations of fact sworn to by the defendant or his counsel, showing:
>
> (1) The specific nature of the error or defect complained of; and
>
> (2) That, notwithstanding the exercise of reasonable diligence by the defense, the error or defect was not discovered before or during the trial.

Ground four of La.Code Crim.P. art. 851 mandates granting the motion for new trial when "[t]he defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment[.]"

In *State v. Veal*, 296 So.2d 262 (La.1974), the supreme court found that the defendant's motion for a new trial was insufficient because it did not comply with La.Code Crim.P. art. 855. The motion provided, "[s]ince the rendition of this verdict by the jury, facts have come to the attention of the Court-appointed attorneys herein that indicate possible jury influence by those officials in charge of the jury." *Id.* at 265. The trial court found that the general allegation of influence with no supporting facts or attestation of reasonable diligence failed to meet the requirements of La.Code Crim.P. art. 855. *See also State v. Herrod*, 412 So.2d 564 (La.1982).

In the instant case, Defendant's motion for a new trial was filed twenty days after he was sentenced. Defense counsel indicated in the motion that he believed

5

Jurors 29 and 151 had information that the jury may have engaged in conduct detrimental to Defendant's trial. Defendant's motion, which claimed that there was a prejudicial error or defect in the proceeding after the verdict, did not contain allegations of fact showing the nature of the error or defect. Additionally, the motion did not indicate that the error or defect was not discovered before or during trial, notwithstanding the exercise of reasonable diligence. As Defendant's motion failed to state specific allegations of influence with supporting facts or a statement of reasonable diligence, he has not met the requirements of La.Code Crim.P. art. 855. Accordingly, this assignment of error lacks merit.

## DECREE

Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

6