233 So.2d 541

STATE of Louisiana

v.

Kester Lee HALL.

No. 49994.

March 30, 1970.

John R. Simmons, Jr., New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The State charged the defendant, Kester Lee Hall, with armed robbery. After trial, the jury returned a verdict of guilty. The trial judge sentenced him, as a multiple offender, to one hundred and ninety-eight years in the Louisiana State Penitentiary. After sentence, the district attorney discovered that one of the petit jurors had a prior felony conviction. He furnished this information to defense counsel. Defense counsel then added the disqualification of the juror as a ground in a pending motion for a new trial. After an evidentiary hearing, the trial judge overruled the motion. Defendant has appealed, relying only upon the Bill of Exceptions reserved to the overruling of the motion for a new trial.

The evidence taken on the motion for a new trial establishes that one of the petit jurors had been convicted of a felony for which he was never pardoned. Hence, under Article 401 of the Louisiana Code of Criminal Procedure, he was disqualified for service as a juror. Had he been timely challenged for cause, the challenge would have been well founded. See LSA–C.Cr. P. Arts. 795, 797. The disqualification of the juror, however, was raised for the first time in the motion for a new trial.

Regulating the motion for a new trial, Article 851 of the Louisiana Code of Criminal Procedure provides:

"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

"The court, on motion of the defendant, shall grant a new trial whenever:

\*      \*      \*      \*      \*      \*

"(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; \* \* \*."

It is true that when the disqualification of a petit juror is discovered for the first time after verdict, it may be urged as a ground for a new trial under subparagraph 4 of Article 851. See Comment (b), Art. 795, LSA–C.Cr.P. To warrant a new trial, however, a defendant must show the exercise of reasonable diligence to discover the disqualification before verdict. LSA–C.Cr. P. Arts. 851(4), 855.

When the disqualification of a juror is relied upon as a basis for a new trial, defendant must show he questioned the juror on *voir dire* examination concerning the subject and the juror failed to disclose the relevant facts. Such a showing is essential to satisfy the requirement of reasonable diligence. See State v. Holbrook, 153 La. 1025, 97 So. 27; State v. Nash, 45 La.Ann. 1137, 1143, 13 So. 732, 734.

In the present case, the defendant made no such showing. On the contrary, the record reflects that defense counsel made no inquiry concerning the juror's criminal record. Hence, we conclude the motion for new trial lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.