345 So.2d 1157 (1977)
STATE of Louisiana
v.
George N. JONES.
No. 58965.
Supreme Court of Louisiana.
May 16, 1977.
*1158 James L. Dendy, Dendy, Davis & Hyde, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
A grand jury indicted the defendant, George N. Jones, for second degree murder, a violation of LSA-R.S. 14:30.1. A unanimous jury found him guilty of manslaughter, a responsive verdict. The court sentenced him to fifteen years imprisonment.
The defendant appeals. He relies on four assignments of error for reversal of his conviction and sentence.
The following background facts emerge:
The defendant and his wife, Martha, the victim of this crime, were legally separated. Martha lived in Jackson, Mississippi, with their children. On a weekend trip to Livingston Parish, she visited George in his trailer home. During the visit, George allegedly shot and killed his wife.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the trial court erred in admitting certain photographs *1159 into evidence. He argues that the photographs lack probative value as other competent evidence establishes the facts they portray. He also avers that they are irrelevant to the only issue at trial, self-defense.
The State introduced seven black and white photographs of the victim. Five depict the victim's body immediately after the shooting and the scene of the crime. Two, S-10 and S-11, portray the victim after the autopsy. S-10 shows the victim's head and the exact location of the temple wound. S-11 shows the victim's stitched chest and the exact location of the chest wound. The defendant objected only to the admission of S-10 and S-11.
To be admissible, a photograph's probative value must outweigh any possible prejudicial effect upon the jury, and it must be relevant to a material issue at trial. State v. Redwine, La., 337 So.2d 1041 (1976); State v. Cooper, La., 334 So.2d 211 (1976); State v. Smith, La., 327 So.2d 355 (1976).
S-10 and S-11 are not particularly gruesome. This is especially true when compared with the other photographs admitted without defense objection, which photographs depict the bloodstained victim and the disheveled scene of the crime. In any event, neither picture is "so gruesome as to `overwhelm reason' and cause a jury to lose sight of the need for the prosecutor to establish with sufficient independent evidence the guilt of the accused." State v. Smith, supra.
In his exculpatory statement to the investigating officer immediately following the shooting, the defendant stated that he fired two shots in rapid succession in self-defense. The State counters that the defendant shot twice from different positions. Thus, the exact location of the bullet wounds, as shown in S-10 and S-11, bears directly on the issue of self-defense.
We conclude that the photographs are relevant and that their highly probative value outweighs any possible prejudice. Therefore, the trial court properly admitted the photographs into evidence.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
The defendant objects to the trial judge imposing sentence and overruling his motion to vacate sentence. The basis of these complaints is an alleged violation of the defendant's federal constitutional right to have an attorney present at sentencing and his state constitutional right to have the attorney of his choice present at sentencing. U.S.Const. Amend. VI; La.Const. Art. 1, § 13 (1974).
Ms. Fannie E. Burch, an attorney, appeared with the defendant at sentencing.
The defendant asked Ms. Burch, an attorney he used in civil matters, to defend him. She referred him to Mr. James McPherson, and experienced attorney in criminal cases, who agreed to conduct his defense.
The court minutes reflect that Mr. McPherson and Ms. Burch were retained defense counsel. Ms. Burch sat at the counsel table through the entire three day trial. She signed two defense motions as "Attorney for defendant." (Mr. McPherson's name also appears on one motion.) At trial, she cross-examined a witness.
On the date originally set for sentencing, the defendant appeared with Ms. Burch. She argued a motion for bail pending appeal. The court fixed bail, but delayed sentencing pursuant to a request by Mr. McPherson.
On the date the court imposed sentence, Ms. Burch again accompanied the defendant. She unsuccessfully requested another continuance to allow the defense to prepare a motion for a new trial. The court denied the motion and sentenced the defendant. The judge found that Ms. Burch was co-counsel for the defense.
We hold that Ms. Burch was an attorney of the defendant's choice. She was present at sentencing. Hence, there are no federal or state constitutional infirmities in the sentence.

*1160 ASSIGNMENT OF ERROR NO. 4
The defendant assigns as error the trial court's summary denial of his motion for a new trial which precluded a hearing on the motion. The defendant moved
"for a new trial on the basis that defendant has discovered, subsequent to trial, that two jurors were related to the prosecution's chief witness, Deputy Sheriff Wayne Sanders and in addition one juror was related to the District Attorney."
See LSA-C.Cr.P. Art. 851(4).
Mr. McPherson filed this motion 1½ months after sentencing and 4½ months after conviction. The court denied it as untimely. LSA-C.Cr.P. Art. 853.
Article 853 mandates that this motion for a new trial "be filed and disposed of before sentence." The law precludes a trial judge from considering an untimely motion for a new trial. State v. Navarre, La., 289 So.2d 101 (1974); State v. Smith, 231 La. 649, 92 So.2d 569 (1957); State v. Washington, 230 La. 181, 88 So.2d 19 (1956). Here, the trial judge assured counsel to the contrary. While denying her plea to delay sentencing so the defense could prepare a motion for a new trial, he erroneously stated:
"I will say this, for the defendant's protection and for your protection, the sentencing today will not preclude the filing of a motion for rehearing. You can file a motion for a new trial or a habeas corpus at any time, post conviction, and this will not foreclose the filing of a motion for a new trial. No, ma'am, it will not." (R. p. 25)
This erroneous assurance misled counsel. Therefore, in the interest of justice, we treat the untimely motion.
Initially, we note that defense counsel[1] conceded at the hearing on the motion that it was untimely.[2]
The motion filed is one in which
"(t)he defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;" LSA-C.Cr.P. Art. 851(4).
Article 855 requires all motions based on Article 851(4) to
"contain allegations of fact sworn to by the defendant or his counsel, showing:
(1) (t)he specific nature of the error or defect complained of; and
(2) (t)hat, notwithstanding the exercise of reasonable diligence by the defense, the error or defect was not discovered before or during the trial."
Neither the defendant or defense counsel swore to the motion. Although the motion stated that three jurors were related to a witness or the District Attorney, the defendant failed to name the jurors. Finally, the motion contains no allegation that, notwithstanding the exercise of reasonable diligence, the defendant did not discover the defect or error before the trial. Thus, the motion was procedurally insufficient. See State v. Veal, La., 296 So.2d 262 (1974).
In State v. Hall, 255 La. 854, 233 So.2d 541 (1970), we stated:
"When the disqualification of a juror is relied upon as a basis for a new trial, defendant must show he questioned the juror on voir dire examination concerning the subject and the juror failed to disclose the relevant facts. Such a showing is essential to satisfy the requirement of reasonable diligence. See State v. Holbrook, *1161 153 La. 1025, 97 So. 27; State v. Nash, 45 La.Ann. 1137, 1143, 13 So. 732, 734."
See also State v. Clark, 231 La. 807, 93 So.2d 13 (1957); State v. Vail, 153 La. 883, 96 So. 796 (1923); State v. Foster, 150 La. 971, 91 So. 411 (1922).
Neither defendant's motion for a new trial, his assignment of error, nor his brief name the specific jurors alleged to be related to the State's witness or the District Attorney. He does not assert that he questioned the jurors on the point of disqualification. In addition, he has not alleged that the jurors answered the voir dire examination falsely. Hence, the defendant failed "to satisfy the requirement of reasonable diligence."
Moreover, the mere fact that a juror is related to the District Attorney or a witness does not ipso facto disqualify him from service. The State or defendant may only challenge the juror if his relationship "is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict." LSA-C.Cr.P. Art. 797. Here, each juror testified that he could be fair and impartial.
We conclude that the motion for a new trial was without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] A new attorney represented the defendant for all post conviction proceedings. However, Mr. McPherson filed the motion for a new trial.
[2] At the hearing on the motion, the following exchange occurred:

BY [DEFENSE COUNSEL]: "And on the motion for a new trial, Your Honor, I'd like to proceed with that if the court will grant me permission. However, I am impaled on the horns of a legal dilemma in this that this motion was filed subsequent to sentencing.
BY THE COURT: "I'm aware of that.
BY [DEFENSE COUNSEL]: "Right, Your Honor. And frankly my appreciation of the jurisprudence, as well as Article 851, the court cannot entertain that motion.
BY THE COURT: "That's correct."
(R. p. 45)