357 So.2d 271 (1978)
STATE of Louisiana
v.
Mitchell BAXTER.
No. 60253.
Supreme Court of Louisiana.
January 30, 1978.
Dissenting Opinion April 11, 1978.
*272 Lyman S. Gore, Philip A. LeTard, Vidalia, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Mitchell Baxter was charged by the grand jury of Concordia Parish with the second degree murder of Robert Maddox on May 2, 1976. La.Rev.Stat. 14:30.1. He was convicted and sentenced to hard labor for life. On this appeal he contends the trial judge erroneously denied his motion for a new trial.
The motion was filed before sentence. It alleged that defendant had discovered since the verdict that Charles T. Bell, a member of the jury, had been convicted of a felony; he had not been pardoned and was therefore not qualified to serve as a juror. The motion also alleged that, notwithstanding the exercise of reasonable diligence by defendant, Bell's conviction was not discovered before verdict.
At the hearing on the motion the Juror Bell recalled that at the outset of the voir dire examination the trial judge informed the prospective jurors that they could not serve as jurors if they had been convicted of a felony and were not pardoned, which Bell understood to refer to violent crimes. He recalled, also, he had been examined on voir dire by the prosecutor, who asked him if he had ever been convicted of a violent crime and he answered that he had not been.
Juror Bell recalled being asked by the prosecutor, "Has anybody, you or your family ever been robbed or beaten or shot or anything like that? Or have you or any close members of your family ever been charged with a serious crime?" He said he remembered the question but did not remember that "serious crime" was mentioned. He understood instead that the question referred to "violent crime", and he asked the prosecutor if he was referring to violent crime. When the prosecutor answered in the affirmative, Bell replied that he had not been convicted of a violent crime.
Bell also remembered being asked by the prosecutor on voir dire whether he knew of any reason why he would not be acceptable as a juror. He answered that the only reason he could think of was the fact that he knew Officer Langston and some of the other Sheriff's deputies.
At the hearing on the new trial motion, Bell admitted that he had been convicted under the alias of Charles T. Jackson of the federal crime of presenting false claims, a violation of 18 U.S.C. § 287, and sentenced in 1971 by a federal court in Atlanta, Georgia, *273 to serve three years imprisonment. His probation officer told him that he would be automatically pardoned by the State of Louisiana after the three-year sentence had expired, and the necessary papers to that effect would be sent to the authorities in Concordia Parish where he lived. Being so informed, Bell assumed that he had been pardoned and did not consider himself disqualified, despite the fact that he had not applied for a pardon and possessed no document indicating that he had been pardoned.
Associate defense counsel testified that a rumor of Bell's conviction was brought to his attention several days after the verdict had been rendered in defendant Baxter's trial. On this basis an investigation was immediately begun, leading to facts which confirmed the rumor of Bell's conviction. He testified further that Bell's answers to the questions propounded by the prosecutor gave him no cause to believe that the prospective juror was disqualified. Because of the judge's instructions on qualifications of jurors and the interrogation of the prosecutor, he testified, the defense did not question Bell on voir dire.
A certificate from Louisiana's Secretary of State introduced by the defense set forth that Bell had not been pardoned.
The prosecutor testified that he had no knowledge of Bell's conviction until after the verdict. A stipulation was entered that prior to trial the office of the District Attorney made a cursory investigation of the list of prospective jurors, and no information obtained thereby indicated that Bell had been convicted of a felony. The trial judge took judicial notice of the fact that the jury vote was ten to two for guilty in Baxter's trial with Bell voting guilty.
On the record thus formed at the hearing, the trial judge found that Bell was in fact convicted of a felony; neither the defense nor the prosecution was aware of Bell's conviction until after verdict; the jurors voted ten to two for a guilty verdict; and Bell was one of the ten who voted guilty. Basing his decision on these facts and the decision in State v. Hall, 255 La. 854, 233 So.2d 541 (1970), the trial judge denied the motion for a new trial.
In order to qualify to serve as a juror, a person must "[n]ot . . . have been convicted of a felony for which he has not been pardoned." La.Code Crim.Pro. art. 401(5).
The trial judge correctly found that Bell's 1971 conviction in Georgia, involving a sentence of imprisonment for three years, was a felony. Any offense punishable by death or imprisonment for a term exceeding one year is a felony under federal law. 18 U.S.C. § 1. Any crime for which an offender may be sentenced to death or imprisonment at hard labor is a felony under Louisiana law. La.Rev.Stat. 14:2. The reference to felony convictions in Article 401(5) applies equally to state or federal convictions. Cf. State v. Butler, 149 La. 1036, 90 So. 395 (1922).
Only the President of the United States has power under the Federal Constitution to grant pardons for offenses against the United States. U.S.Const. art. II, § 2. A pardon attorney within the Department of Justice of the United States, subject to the general supervision of the Attorney General, has charge of the receipt, investigation, and disposition of applications to the President for pardon. 28 CFR, § 0.35 (1976). The power of the Governor of Louisiana to pardon is limited to offenses against the State. La.Const. art. IV, § 5 (1974); La.Const. art. V, § 10 (1921). And the automatic pardon to which first offenders are entitled upon completion of their sentence under Section 5(E) of Article IV of the 1974 Constitution of Louisiana is not applicable to offenses which occurred prior to January 1, 1975, the effective date of the Constitution of 1974. State v. Williams, 326 So.2d 815 (La. 1976). Thus, in the absence of a pardon from the President, for his 1971 offense against the United States, Bell was not qualified to serve as a juror during Baxter's trial. There is no evidence in this record which supports a finding that Bell had been pardoned.
When the disqualification of a petit juror is discovered for the first time after verdict, *274 this fact may be urged in a motion for a new trial under subparagraph 4 of Article 851 of the Code of Criminal Procedure, upon the allegation that
"The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment. . . ."
The rule which has long been recognized by this Court is that in order for a defendant to avail himself of the lack of qualification of a juror, it must be made to appear that the disqualification of the juror was not known to defendant, or his counsel, when the juror was accepted by him and could not then have been ascertained by due diligence; and it must be made to appear that such diligence was exercised by an examination of the juror, on his voir dire, touching his qualifications, and that he answered falsely. State v. Hall, 255 La. 854, 233 So.2d 541 (1970); State v. Lewis, 161 La. 696, 109 So. 391 (1926); State v. Holbrook, 153 La. 1025, 97 So. 27 (1923); State v. Nash, 45 La.Ann. 1137, 13 So. 732 (1893).
Only one of the two defense lawyers said that he was unaware of the prospective juror's lack of qualifications until after verdict, the information having been brought to his attention by "rumors". The other attorney made no statement on the subject nor did the defendant. Such a limited showing is inconclusive, except as to the attorney who testified. This leaves unsettled whether the other attorney or defendant may have known something which would have, or should have, required the defense to explore the possibility of Bell's criminal record more diligently on voir dire examination. With the record in this state, the defense has not satisfied its burden of showing the requisite lack of knowledge. Although lack of knowledge is a negative, the burden of proof is not unduly burdensome in this case because lack of knowledge is a fact peculiarly within the knowledge of the other defense counsel and defendant. They were present at the hearing and did not testify. A presumption exists in law "that evidence under the control of a party and not produced by him was not produced because it would not have aided him." La. Rev.Stat. 15:432.
A matter of further concern is the fact that defense counsel did not interrogate Bell on voir dire. The state of Bell's voir dire examination by the prosecutor was limited to generalizations. No questions were propounded inquiring into the possibility of a prior criminal record, except to ask whether he had been charged with any "violent" crimes. At least that is the way Bell understood the questions, and he answered in the negative. If any doubt existed whether the prosecutor asked Bell if he had ever been charged or convicted of a "serious crime" (felony), due diligence on the part of defense counsel would require that he make proper inquiry into this subject if he felt that such a disqualification would be prejudicial. This was not done.
It is suggested that the defense should not be required to question prospective jurors too extensively on their criminal records, for to do so may create the impression that the prospective juror is suspected of having a criminal record and such an interrogation would prejudice the prospective juror against the defendant. On the other hand, the defense should not be permitted to sit by during voir dire examination and learn as little as possible about a prospective juror, and then, after an unfavorable verdict, discover or seek out a ground for disqualification and demand a new trial.
Voir dire of prospective jurors is specifically designed to test their qualifications and competency. An accused has "a right to full voir dire examination" for this purpose. La.Const. art. I, § 17. If not qualified, the prospective juror can be challenged for cause before he is sworn. La. Code of Crim.Pro. arts. 795, 797. This procedure is designed to protect the defendant and the State from unqualified and incompetent jurors and to avoid an aborted trial if an incompetent juror should serve.
*275 Bell's former conviction and imprisonment would ordinarily incline him to compassion for others accused of crime. The defense, therefore, would be less concerned than the State with the fact that a prospective juror had previously been convicted of a felony, a factor which could have induced defense counsel to forego inquiry into Bell's former criminal record.
This case is unusual in that Bell was apparently entirely honest in answering that he had not been charged with a violent crime, and he was careful to limit his responses to that category. He testified that while imprisoned he was told his was not a violent crime and he was allowed on work details, a privilege not accorded those convicted of violent crimes; hence the reason for his careful distinction between violent and serious crimes. When this distinction was made at the voir dire examination defense counsel should have been alerted to make further inquiry.
For the reasons assigned, the ruling of the trial judge on the motion for a new trial was correct, and defendant's convictions and sentence are affirmed.
DIXON, J., respectfully concurs not agreeing with the discussion of the power of the governor to pardon.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
This trial was not conducted in accordance with law. A juror was clearly unqualified. His presence on the jury invalidates the verdict.
For this reason I dissent.