412 So.2d 564 (1982)
STATE of Louisiana
v.
Bobby B. HERROD.
No. 81-KA-1644.
Supreme Court of Louisiana.
April 5, 1982.
*565 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Houston C. Gascon, Dist. Atty., Jack T. Marionneaux, Asst. Dist. Atty., for plaintiff-appellee.
Alfred E. Mitchell, Plaquemine, for defendant-appellant.
CALOGERO, Justice.[*]
In this appeal from a conviction for negligent homicide we consider defendant's contentions that the trial judge committed reversible error in allowing into evidence an allegedly gruesome photograph and in denying a motion for a new trial based upon the assertion that a member of the jury was a convicted felon who had not been pardoned.
The Grand Jury of Iberville Parish returned a true bill charging defendant Bobby Herrod with negligent homicide in the shooting death of Leonard Leroy Simms in violation of La.R.S. 14:32. Following the February, 1981, trial, the six member jury unanimously found defendant guilty as charged. The trial judge imposed a sentence of two and one-half years at hard labor. Defendant assigned eight errors to the proceedings as the basis for his appeal.[1]
Evidence adduced at trial showed that defendant and the victim shared an apartment and had just returned from a vacation on the night of the fatal shooting. Defendant admitted that he was "playing" with the gun and had entered the bathroom with it while the victim was brushing his teeth. The victim had requested that defendant leave the bathroom. Defendant said that he told the victim that he didn't have to worry because the gun was not loaded, whereupon defendant cocked the gun and pulled the trigger. The gun discharged, *566 with the bullet hitting the victim in the back of the head. The victim died shortly thereafter.
The state introduced into evidence a photograph of the bar on which defendant said he had placed the gun after the shooting. Defense counsel objected to the introduction of the photograph stating "It leaves questions." On appeal, in assignments of error numbers 2 and 7, defendant argues that the photograph was gruesome and should not have been allowed into evidence because its prejudicial effect outweighed its probative value.
Initially, we observe that counsel's statement "It leaves questions" can hardly be interpreted as contending that the photograph is gruesome. Our law requires that defendant make a contemporaneous objection and state the reason therefor to allow the trial judge the opportunity to rule on it and prevent or cure error. La.C.Cr.P. art. 841; State v. Hysell, 364 So.2d 1300 (La.1978). A new basis for an objection cannot be raised for the first time on appeal. State v. Johnson, 389 So.2d 372 (La.1980); State v. Baylis, 388 So.2d 713 (La.1980); State v. Holstead, 354 So.2d 493 (La.1977).
In any event, we have viewed the photograph and do not consider it gruesome, much less so gruesome as to create prejudice. The photo shows the bar upon which defendant placed the gun after the shooting. Visible in the photo are the telephone and the bullets which defendant said he had removed from the gun before playing with it. There is some blood smeared on the phone and on the top of the bar, but the amount is not excessive. The photograph does not even show the victim or the bathroom where the shooting took place. There is no merit to these assignments.
By assignments of error number 3, defendant complains that the trial judge erroneously denied his motion for a new trial. Defendant filed a motion for a new trial alleging, as a first ground, "One of the six jurors were not qualified to serve as juror due to the fact that he had served two distinct and separate prison terms at hard labor and has not been pardoned [sic]."
La.C.Cr.P. art. 851, concerning the grounds for a new trial, reads in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
. . . . .
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;
Consequently, to take advantage of the defect, defendant needs to show that he was not aware of the disqualification when the juror was accepted by him and that this information could not have been ascertained by due diligence. State v. Baxter, 357 So.2d 271 (La.1978). In the case under review, defendant has failed to make the requisite showing. At the hearing on the motion for the new trial, a witness testified that defense counsel had been alerted in 1971 that this juror had a criminal conviction in California and had been in the penitentiary in that state. Although defense counsel told the judge that he had not learned of the juror's criminal record until after the trial, he refused to relate the specifics of how he had gained this information. Finally, defense counsel did not take the witness stand and make this statement under oath despite the urging of the prosecutor that he do so.
Furthermore, La.C.Cr.P. art. 855 provides that "A motion for a new trial based on ground (4) of Article 851 [a legal defect in the proceedings] shall contain allegations of fact sworn to by the defendant or his counsel, showing: (1) The specific nature of the error or defect complained of; and (2) That, notwithstanding the exercise of reasonable *567 diligence by the defense, the error or defect was not discovered before or during trial." (emphasis supplied.) In State v. Veal, 296 So.2d 262 (La.1974), we had before us an assignment of error based upon the trial judge's refusal to order a new trial after the defendant moved for a new trial on the basis of a legal defect in the original proceeding. In affirming the conviction we said that the new trial motion with "no attestation of reasonable diligence does not meet the requirements of [La.C.Cr.P. art. 855]." 296 So.2d at 262.
A reading of the motion as set forth above reveals that it also does not meet the requirement of Article 855(2). There is no allegation that defendant exercised due diligence but failed to discover the alleged lack of qualification of the juror before or during trial.[2]

Decree
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
C.Cr.P. 401(5), which prohibits convicted and unpardoned felons from serving on juries, was obviously designed to prevent the appearance of impropriety possibly created by jury service by persons of questionable character. That particular ground for disqualification has nothing to do with protection of the accused.
As long as a juror is fully capable of understanding the evidence presented and the legal issues to be resolved, an accused should not be able to obtain a reversal because of the later discovery of some technical disqualification of a juror not related to the juror's ability to render a fair and impartial verdict.
The fact that the juror in this case had been convicted of a felony (and was under the good faith but mistaken belief that he had been pardoned) has no relationship to the guilt or innocence of this defendant. Neither does this ground for excusing the juror bear on his ability to serve on the jury and to render a fair decision based on the instructions of the trial court and on the facts presented at trial.
Therefore, I concur in the result.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nester L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices, Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, Jr. and Harry T. Lemmon.
[1] Defendant only briefed and argued three of his assignments of error. Those assignments neither briefed nor argued are considered abandoned and will not be discussed in this opinion. State v. Williams, 366 So.2d 1365 (La.1978); State v. Burge, 359 So.2d 616 (La.1978); State v. Gaines, 347 So.2d 1153 (La.1977).
[2] The motion for new trial alleging prejudicial defect in the proceedings discovered after the verdict seems to require (as to juror disqualification in this instance) an assertion of non-discovery notwithstanding exercise of due diligence. While that assertion might in the usual case be a pro forma requirement (it is unlikely a defendant and/or his attorney would be required pre-trial to fully investigate the background of each person on the petit jury venire), it seems in this case under the peculiar facts to be more pertinent.