JOHNSON, J.
In this appeal from Defendant's conviction for possession with intent to distribute cocaine and adjudication as a second felony offender and sentences, Defendant challenges the restriction of parole for the entirety of his enhanced sentence. For the reasons that follow, we amend Defendant's enhanced sentence and affirm as amended.
Defendant, Reginald Luckett, was charged in a bill of information on May 18, 2016 with possession with intent to distribute cocaine in violation of La. R.S. 40:967(A). He initially pled not guilty, but subsequently withdrew his not guilty plea and pled guilty as charged on September 29, 2016.[1] The trial court sentenced Defendant to 15 years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. On the same date, the State filed a multiple offender bill of information alleging Defendant to be a second felony offender based on a 2013 predicate conviction. After being advised of his rights, Defendant stipulated to the allegations in the multiple bill, and the trial court adjudicated him a second felony offender. The trial court vacated Defendant's original sentence and imposed an enhanced sentence under La. R.S. 15:529.1 of 15 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant was subsequently granted this out-of-time appeal.
*1280 In his sole assignment of error, Defendant contends the trial court erred in restricting his entire 15-year sentence from the benefit of parole. In its appellee brief, the State concedes the trial court erred in restricting parole for the entirety of Defendant's sentence.
Defendant was charged and convicted of possession with intent to distribute cocaine, which occurred on or about March 5, 2016, and was sentenced to 15 years without benefit of parole, probation or suspension of sentence, which was subsequently vacated and an enhanced sentence of 15 years without benefits was imposed. At the time of the offense, the sentencing provisions under La. R.S. 40:967(B)(4)(b) only provided for a restriction of benefits for the first two years of the sentence.[2] Additionally, while La. R.S. 15:529.1(G) requires all multiple offender sentences to be imposed without benefit of probation or suspension of sentence, it does not impose a parole restriction. Rather, when a defendant is sentenced as a multiple offender, it is the penalty provision for the underlying offense that imposes a parole restriction. State v. Fletcher , 03-60 (La. App. 5 Cir. 4/29/03); 845 So.2d 1213, 1222. Here, the reference statute, La. R.S. 40:967(B), only restricts two years of the sentence without parole. Thus, the restriction of all benefits for the entirety of Defendant's original 15-year sentence and the restriction of parole for the entirety of his multiple offender sentence were illegal. See State v. Payne , 17-12 (La. App. 5 Cir. 5/17/17); 220 So.3d 882, 888.
Because Defendant's original sentence was vacated and an enhanced sentence was imposed, any errors relating to his original sentence are moot. See State v. Long , 11-313 (La. App. 5 Cir. 12/13/11); 81 So.3d 875, 881, writ denied , 12-251 (La. 8/22/12); 97 So.3d 367. However, we find it necessary to amend Defendant's enhanced sentence. When a sentencing error involves the imposition of restrictions beyond what is authorized in the sentencing statute, appellate courts are instructed to correct the illegal sentence under the authority of La. C.Cr.P. art. 882, as opposed to relying on La. R.S. 15:301.1(A) to correct the error as a matter of law. State v. Sanders , 04-17 (La. 5/14/04); 876 So.2d 42 (per curiam ). Accordingly, we amend Defendant's enhanced sentence to provide that Defendant shall serve a term of 15 years imprisonment at hard labor without benefit of probation or suspension of sentence and without benefit of parole for the first two years of the sentence. We remand the case for the trial court to amend the commitment to correctly reflect the sentence as amended and affirmed herein. Furthermore, the Clerk of Court for the 24th Judicial District Court is ordered to transmit the original of the amended commitment to the officer in charge of the institution to which Defendant has been sentenced and to the Department of Corrections' Legal Department. See State v. Ordonez , 16-619 (La. App. 5 Cir. 3/15/17); 215 So.3d 473, 479.
We have reviewed the record for errors patent pursuant to La. C.Cr.P. art. 920 *1281 and find no errors that require corrective action.
DECREE
For the foregoing reasons, Defendant's enhanced sentence is amended and affirmed as amended. The case is remanded for the trial court to amend the commitment to correctly reflect the sentence as amended and affirmed herein.
SENTENCE AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF COMMITMENT

Defendant also pled guilty to three other charges, all bearing different case numbers, which are not the subject of this appeal.

La. R.S. 40:967(B) was amended by Acts 2017, No. 281, § 2, effective August 1, 2017, to change the penalty provisions for offenses related to Schedule II drugs. Under the amendment, the penalty for possession with intent to distribute cocaine is dependent on the aggregate weight of the cocaine involved. These amendments have no effect on this appeal, as it is well-settled that the penalty set forth in a statute at the time the offense is committed applies. State v. Sugasti , 01-3407 (La. 6/21/02); 820 So.2d 518, 520. The Louisiana Supreme Court has explained that "[t]he mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute." Id.