STATE OF LOUISIANA

VERSUS

PETER A. BARROSSE

NO. 23-KA-393

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-3835, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

April 17, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**CONVICTION AFFIRMED; SENTENCE**
**VACATED AND REMANDED FOR RESENTENCING**
    **SUS**
    **FHW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
PETER A. BARROSSE
    Prentice L. White

**SCHLEGEL, J.**

In this appeal from a conviction for domestic abuse battery by strangulation, we consider defendant's contentions that the trial judge committed reversible error in denying a motion for new trial based upon the assertion that a member of the jury had a previous, undisclosed felony conviction. For the reasons that follow, we find no merit to defendant's argument and affirm his conviction. We do, however, vacate defendant's sentence based upon an errors patent review, and remand for resentencing in accordance with La. R.S. 14:35.3(C).

*Procedural Background*

On August 20, 2020, the State charged defendant with one count of domestic abuse battery by strangulation, a violation of La. R.S. 14:35.3(L). Defendant pled not guilty. A jury trial began on June 15, 2021 and concluded the following day with the jury returning a verdict of guilty as charged.

On June 25, 2021, defendant filed a motion for new trial on the grounds that juror, John Henderson, failed to disclose to the court, under direct questioning by the court, that he is a convicted felon. The State filed an opposition. On July 19, 2021, the trial court held an evidentiary hearing on defendant's motion for new trial, denied the new trial, and sentenced defendant to three years of incarceration at hard labor.

On August 12, 2021, the State filed a multiple offender bill of information charging defendant as a second-felony offender. A hearing was held on December 2, 2021 on the multiple offender bill, during which defendant stipulated to the facts in the multiple offender bill. The trial court vacated defendant's original sentence and adjudicated him as a second-felony offender under La. R.S. 15:529.1 on the count of domestic abuse battery by strangulation, La. R.S. 14:35.3(L). The trial court then sentenced him to four years at hard labor without the benefit of probation or suspension of sentence.

23-KA-393                                          1

Defendant did not initially file a timely appeal. However, he later filed an application for post-conviction relief seeking an out-of-time appeal, which the trial court granted. The case is now before this Court on direct appeal.

*Factual Background*

1. *Jury Voir Dire*

Mr. Henderson was part of the first panel of jurors impaneled for *voir dire*. The trial court instructed the venire as follows for this panel:

THE COURT:
The first thing I'm going to do is read to you the general qualifications it takes to serve as a juror.

I'm going to ask everybody to listen very carefully. And at the end I'm going to ask does everyone meet these minimum qualifications, okay?

In order to qualify to serve as a juror a person must . . . not be under indictment for a felony nor have been convicted of a felony for which he has not been pardoned. Does everyone meet these minimum qualifications?

(AFFIRMATIVE RESPONSES).

THE COURT:
All right, the record will reflect that everyone has indicated, yes. No one has indicated that they do not meet the minimum qualifications.

The parties stipulated that defendant's counsel did not question the panel any further about whether anyone was under indictment or had been convicted of a felony.

2. *Hearing on the Motion for New Trial*

At the hearing on the motion for new trial on July 19, 2021, defendant testified that he did not know who Mr. Henderson was and could not know that Mr. Henderson was a convicted felon.

At the same hearing, Mr. Henderson testified that he did not raise his hand or tell the court that he was not qualified in response to the court's questioning regarding general qualifications for jurors. He recalled that neither the prosecutor nor defendant's counsel asked him any direct questions as to whether or not he had

a felony conviction or whether he was under indictment for a felony. He did, however, confirm that he had been convicted for possession of methamphetamines in 2010. He further stated that "I had a pardon when I was taken off of probation." But he was not sure if it was a "first-offender pardon" or if he had been pardoned by the governor. When asked if he had ever been pardoned by the governor, he said: "I do have a pardon paper," but he did not bring it with him to the hearing.[1]

Defendant offered as an exhibit the Orleans Parish Criminal District Court record for Mr. Henderson's felony conviction under La. R.S. 40:967(C)(2), to which he pled guilty on January 14, 2010. The record does not include any information as to a pardon.

*Analysis*

In his sole assignment of error, defendant asserts that the trial court erred in denying his motion for new trial because Mr. Henderson's failure to disclose a prior felony conviction prejudiced his right to a fair and impartial jury guaranteed under the Sixth Amendment.

The State responds that the trial court properly denied defendant's motion for new trial because defendant did not carry his burden of proving that Mr. Henderson was disqualified from serving as a juror. The State further argues that defendant did not exercise reasonable diligence during *voir dire* because he did nothing to discover whether Mr. Henderson had any allegedly disqualifying convictions. Finally, the State argues that defendant's written motion for new trial did not comply with the mandatory procedural requirements imposed by the Code of Criminal Procedure.

---

[1] Mr. Henderson testified at the hearing on the motion for new trial that after he served on the jury, he learned there was a warrant for his arrest related to attempted possession of a firearm by a convicted felon that was in existence during the trial. No documentary evidence was introduced as to this warrant though. And defendant did not raise this issue on appeal.

*Standard for Motion for New Trial*

La. C.Cr.P. art. 851 contains the grounds for a motion for new trial and provides in pertinent part:

> A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
> B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:
> ***
> (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.

Thus, pursuant to La. C.Cr.P. art. 851(A), a motion for a new trial is based upon the supposition that an injustice has been done to the defendant, and unless the injustice is shown, the new trial motion shall be denied no matter upon what allegations the motion is grounded. *State v. Bazley*, 09-358 (La. App. 5 Cir. 1/11/11), 60 So.3d 7, 19, *writ denied,* 11-0282 (La. 6/17/11), 63 So.3d 1039. *See State v. McKinnies*, 13-1412 (La. 10/15/14), 171 So.3d 861, 868 ("A defendant has the burden to show an injustice was done to him, or the motion will be denied, no matter what allegations are raised.") To take advantage of the alleged prejudicial error or defect, a defendant needs to show that he was not aware of the disqualification when the juror was accepted by him and that this information could not have been ascertained by due diligence. La. C.Cr.P. art. 851(B)(4); *State v. Herrod*, 412 So.2d 564, 566 (La. 1982).

The decision on a motion for a new trial rests within the sound discretion of the trial court. *State v. Williams*, 18-112 (La. App. 5 Cir. 11/7/18), 259 So.3d 563, 578, *writ denied,* 18-2038 (La. 4/22/19), 268 So.3d 295. The ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Id.*

### 1. *Evidence as to the Qualifications for Serving as a Juror*

We first consider the State's argument that defendant did not carry his burden of proving that Mr. Henderson was disqualified from serving as a juror. As discussed above, defendant bears the burden of showing an injustice was done to him.

La. Const. art. V, § 33(A) provides, "A citizen of the state who has reached the age of majority is eligible to serve as a juror within the parish in which he is domiciled. The legislature may provide additional qualifications."

At the time of defendant's jury trial in June 2021, La. C.Cr.P. art. 401, entitled "General qualifications of jurors," provided in pertinent part at Subsection (A)(5):

> A. In order to qualify to serve as a juror, a person must:
> \*\*\*
> (5) Not be under indictment for a felony nor have been convicted of a felony for which he has not been pardoned by the governor.[2]

At the hearing on the motion for new trial, Mr. Henderson admitted that he had been convicted of possession of methamphetamines in 2010, but he thought he had received "a pardon when [he]was taken off of probation." He was not sure if it was a "first-offender pardon" or if he had actually been pardoned by the governor. And for his motion to succeed, defendant had to prove that Mr. Henderson was not qualified to sit as a juror. Defendant did not introduce any evidence that contradicted Mr. Henderson's claims or that ruled out a governor's pardon. Thus, Mr. Henderson's testimony about having received a pardon was unrefuted. Furthermore, there was no evidence that Mr. Henderson was being untruthful or

---

[2] The current version of La. C.Cr.P. art. 401 was amended effective August 1, 2021 to provide:
  "A. In order to qualify to serve as a juror, a person shall meet all of the following requirements:
  \*\*\*
    (5) Not be under indictment, incarcerated under an order of imprisonment, or on probation or parole for a felony offense within the five-year period immediately preceding the person's jury service."
Thus, Mr. Henderson's 2010 felony conviction would not disqualify him from serving on the jury under the current statute because it occurred in 2010, more than five years before his current jury service.

attempting to mislead anyone. Accordingly, we find that the defense did not carry its burden of proving that Mr. Henderson was disqualified from jury service.

2. *Whether defendant exercised reasonable diligence*

We next consider the State's argument that defendant did not exercise reasonable diligence during *voir dire* because he did nothing to discover whether Mr. Henderson had any disqualifying convictions.

The seminal case on this issue is *State v. Baxter*, 357 So.2d 271 (La. 1978), in which ten of twelve jurors convicted the defendant of second-degree murder. The defendant moved for a new trial on the basis that one of the jurors, as a convicted felon, was not qualified to serve, and was one of the jurors who had voted guilty. Neither the defense nor the prosecution was aware of the juror's conviction until after the verdict. The trial court denied the motion for new trial, which the Louisiana Supreme Court affirmed.

During *voir dire* in *Baxter*, in response to the prosecution's question of whether anyone had been convicted of a violent crime, the juror at issue answered in the negative. The juror, however, had been convicted of the federal crime of presenting false claims in violation of 18 U.S.C. § 287, and had earlier been sentenced to serve three years imprisonment by a federal court in Georgia. At the motion for new trial hearing, he explained that his probation officer told him that he would be automatically pardoned by the State of Louisiana after his three-year sentence had expired. *Id.* at 273. Thus, the juror assumed that he had been pardoned and did not consider himself disqualified. The Supreme court reasoned: "[T]he defense should not be permitted to sit by during voir dire examination and learn as little as possible about a prospective juror, and then, after an unfavorable verdict, discover or seek out a ground for disqualification and demand a new trial." *Id.* at 274. The Supreme Court further stated:

> This case is unusual in that [the juror] was apparently entirely honest in answering that he had not been charged with a violent crime, and he was careful to limit his responses to that category. He testified that while imprisoned he was told his was not a violent crime and he was allowed on work details, a privilege not accorded those convicted of violent crimes; hence the reason for his careful distinction between violent and serious crimes. When this distinction was made at the voir dire examination defense counsel should have been alerted to make further inquiry.

*Id.* at 275.

The *Baxter* decision has been consistently followed and cited by Louisiana courts. *See, e.g.*, *State v. Herrod*, 412 So.2d at 566 (defendant failed to make the requisite showing that he was not aware of the disqualification when the juror was accepted by him and that this information could not have been ascertained by due diligence); *State v. Williams*, 259 So.3d at 579 (defendant did not show that grounds for disqualification could not have been ascertained through the exercise of reasonable diligence when the juror advised the court that she had a felony conviction with a first offender pardon, and defense claimed to have learned only after the verdict that only a governor's pardon can qualify a convicted felon for jury service).

Defendant, however, argues that it would be extremely burdensome to require defense attorneys to extend the *voir dire* examination by questioning potential jurors on issues related to qualifications. But this argument was rejected in *State v. Hall* and in *State v. Neal*. In *State v. Hall*, 255 La. 854, 857, 233 So.2d 541, 542 (1970), the Louisiana Supreme Court held that "[w]hen the disqualification of a juror is relied upon as a basis for a new trial, defendant must show he questioned the juror on Voir dire examination concerning the subject and the juror failed to disclose the relevant facts." And in *State v. Neal*, 550 So. 2d 740, 744 (La. App. 2 Cir. 1989), *writ denied,* 556 So.2d 55 (La. 1990), the Second Circuit stated that "[d]ue diligence in discovering if a juror is a convicted felon

requires that the defendant specifically ask questions relating to prior felony convictions and that the juror falsely deny their existence."

The First Circuit considered defendant's position in *State v. Martin*, 582 So.2d 306 (La. App. 1 Cir.), *writ denied,* 588 So.2d 113 (La. 1991), in which the juror qualification at issue was whether the juror had resided in the parish for at least one year as required by La. C.Cr.P. art. 401(A)(1). The trial court asked the panel: "[s]econd, have each of you been a resident of the Parish of Terrebonne for at least one year prior to today?" *Id.* at 309. All of the prospective jurors responded affirmatively. Neither the court nor counsel asked further questions about this qualification. Eventually, the juror was sworn in and served as the foreman of the six-person jury. After the verdict was returned, it was discovered that he had a residency defect. *Id.* at 309-10. Citing *Baxter*, the First Circuit found: "[w]e believe that if jurors already have been sufficiently questioned by either the court or the prosecutor, concerning their qualifications, and their responses do not give any indication that further inquiry is required, then a defense attorney should not be required to repeat the questions." *Id.* at 311 (citing *Baxter*, 357 So2d at 274). Nevertheless, the First Circuit held that the defendants had failed to establish the exercise of due diligence because they asked *no* questions of the juror during *voir dire* and made no attempt to evaluate his qualifications or demeanor after the trial court made general inquiry into the backgrounds of all jurors. *Id.*

Similarly, in the case at bar, defendant has failed to provide any evidence or make any arguments related to the types of questions defendant's counsel asked of Mr. Henderson during *voir dire*, if any, including questions regarding prior felony convictions. Thus, defendant has not shown that he exercised "reasonable diligence" as required by La. C.Cr.P. art. 851(B)(4). Accordingly, we find that the

trial court did not abuse its discretion when it denied defendant's motion for new trial.[3]

*Errors Patent*

The Court routinely reviews the record for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes such a request. The following corrective action is required.

Defendant's enhanced sentence as enhanced by the multiple offender bill is illegally lenient. La. R.S. 14:35.3(C) provides that at least forty-eight hours of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. Defendant stipulated to being a second-felony offender but did not agree to a specified sentence. The trial court imposed an enhanced sentence of four years imprisonment at hard labor without the benefit of probation or suspension of sentence, but did not restrict parole.

While La. R.S. 15:529.1(G) requires all multiple offender sentences to be imposed without benefit of probation or suspension of sentence, it does not impose a parole restriction. Rather, when a defendant is sentenced as a multiple offender, it is the penalty provision for the underlying offense that imposes a parole restriction. *State v. Bruins*, 407 So.2d 685, 687 (La. 1981); *State v. Luckett*, 17-432 (La. App. 5 Cir. 12/27/17), 236 So.3d 1278, 1280.

La. R.S. 15:301.1(A) provides that the criminal statutory restrictions, even if they are not recited at sentencing, are deemed to be contained in the sentence, whether or not imposed by the sentencing court. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, 799. But in the present case, the trial court's failure to

---

[3] Defendant's motion for new trial is also subject to being denied for failure to comply with the mandatory procedural requirements of La. C.Cr.P. art. 855. Specifically, the motion was not sworn to by defendant or defendant's counsel, and there was "no allegation that defendant exercised due diligence but failed to discover the alleged lack of qualification of the juror before or during trial." *See State v. Herrod*, 412 So.2d at 567; *State v. Tracy*, 02-0227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 514, *writ denied,* 02-2900 (La. 4/4/03), 840 So.2d 1213.

impose the statutory restriction is not cured by La. R.S. 15:301.1 because the portion of the sentence to be served without the benefit of parole is left to the discretion of the district court under La. R.S. 14:35.3(C). *State v. Ard*, 20-221 (La. App. 5 Cir. 4/28/21), 347 So.3d 1046, 1060. Therefore, we remand the case for resentencing with instructions to the district court to impose defendant's enhanced sentence in accordance with the provisions of the underlying statute, La. R.S. 14:35.3(C), as it relates to the restriction of parole.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 17, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-393

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

### MAILED
PRENTICE L. WHITE (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                        (APPELLEE)
LOUISIANA APPELLATE PROJECT            DISTRICT ATTORNEY
16731 CICERO AVENUE                    TWENTY-FOURTH JUDICIAL DISTRICT
BATON ROUGE, LA 70816                  200 DERBIGNY STREET
                                       GRETNA, LA 70053